# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARTIN JOSE MONTOYA,<br>Defendant. | Case No. 10-cr-00301-BLF-9<br><br>**ORDER DENYING DEFENDANT MARTIN JOSE MONTOYA'S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 782**<br><br>[Re: ECF 480] |

Defendant Martin Jose Montoya, a federal prisoner serving a 228-month sentence, has filed a *pro se* motion seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. *See* ECF 480. The Federal Public Defender's Office has filed a Notice of Non-Intervention, indicating that it does not seek appointment to represent Montoya in this matter. *See* ECF 487. The Government has filed a Response to the motion, and the Probation Office has filed a Sentence Reduction Investigation Report, both asserting that Montoya is ineligible for a reduction in sentence under § 3582(c)(2). See ECF 489, 490. The Court agrees that Montoya is ineligible for a reduction in sentence, and his motion is DENIED on that basis.

## I. BACKGROUND

On May 6, 2010, a grand jury issued a 10-count Superseding Indictment charging Montoya and others with multiple drug offenses. *See* ECF 47. Montoya thereafter entered into a written Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), commonly referred to as a "Type-C agreement." Plea Agreement ¶ 1, ECF 265. Montoya pled guilty to Count 2 of the Superseding Indictment, which charged him with conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii), and the

Government agreed to dismiss all other offenses charged in the Superseding Indictment. Plea Agreement ¶ 13, ECF 265. The Plea Agreement stated that Montoya's base offense level was 36, his total adjusted offense level was 37, the parties had not agreed to a criminal history category, and the parties jointly requested a sentence of 228 months imprisonment, 5 years of supervised release, a fine to be determined by the Court, a $100 special assessment, and no restitution. Plea Agreement ¶¶ 7-8, ECF 265.

The Government's sentencing memorandum indicated that both the Probation Office and the Government agreed that Montoya's criminal history category was VI, which – coupled with his total offense level of 37 – resulted in a Guidelines range of 360 months to life imprisonment. Gov't Sentencing Memo. at 3, ECF 287. While acknowledging that "[a]ll sentencing proceedings begin by determining the applicable Guidelines range," the Government recommend a below-Guidelines sentence based on the fact that all of Montoya's co-defendants received substantially lower sentences, the longest being 132 months. *Id*. The Government also pointed out that Montoya had accepted responsibility by pleading guilty, had not filed any motions, and had agreed to substantial sentence of 228 months. *Id*. at 3-4. Montoya's sentencing memorandum acknowledged that the Guidelines are "one factor" that must be considered by a sentencing court, but he argued that other factors – including the sentences received by his co-defendants – supported the 228-month sentence agreed to by the parties. Def. Sentencing Memo. at 3-4, ECF 283.

On September 20, 2011, Judge D. Lowell Jensen, the district judge then assigned to the case, accepted Montoya's plea on Count 2. Judge Jensen imposed judgment on December 20, 2011, sentencing Montoya to a 228-month term of imprisonment on Count 2, followed by a 5-year term of supervised release. *See* Judgment, ECF 297.

Subsequently, Amendment 782 to the Guidelines lowered by two levels the base offense levels for certain drug offenses. *See United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1041 (9th Cir. 2017). Montoya has filed a motion seeking a reduction in sentence pursuant to Amendment 782. Because Judge Jensen has retired, the motion has been reassigned to the undersigned Judge.

## II. LEGAL STANDARD

"Under federal sentencing law, a district court generally 'may not modify a term of imprisonment once it has been imposed.'" *Rodriguez-Soriano*, 855 F.3d at 1042 (quoting 18 U.S.C. § 3582(c)). "This baseline rule is subject to an important exception: a district court may reduce a sentence based on a guideline range that is later lowered by the Sentencing Commission." *Id.* (citing 18 U.S.C. § 3582(c)(2)). Deciding whether to reduce a defendant's sentence under § 3582(c)(2) is a two-step process. *Id.* "[A] district court first determines a defendant's eligibility for a reduction." *Id* "If a defendant is eligible, the court must then consider the factors in 18 U.S.C. § 3553(a) and assess whether the requested reduction is warranted." *Id.*

In order to establish eligibility, "a defendant must show (1) that his sentence was 'based on' a guideline range that has since been lowered, and (2) that the reduction he seeks is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Rodriguez-Soriano*, 855 F.3d at 1042 (quoting 18 U.S.C. § 3582(c)(2)). Until recently, it was unclear whether the requirement that the sentence be "based on" a Guidelines range could be met when the district court imposed a sentence set forth in a Type-C agreement. In 2018, the Supreme Court held that "a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018). But "[i]f the Guidelines range was not a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement, then the defendant's sentence was not based on that sentencing range, and relief under § 3582(c)(2) is unavailable." *Id*. at 1776 (internal quotation marks and citation omitted).

## III. DISCUSSION

Applying the two-step process outlined above, the Court first must determine whether Montoya is eligible for a sentence reduction under § 3582(c)(2). If so, the Court must determine whether a reduction is warranted on the facts of this case. Because the Court concludes at the first step of the analysis that Montoya is not eligible for a sentence reduction, it need not reach the second step requiring a weighing of the factors set forth in § 3582(c)(2).

3

In order to evaluate Montoya's eligibility for a sentence reduction, the Court must decide whether his sentence was "based on" a Guidelines range that since has been lowered and, if so, whether the requested reduction is consistent with Sentencing Commission policy. There is no dispute that Amendment 782 applies to Montoya's crime of conviction, lowering his base offense level from 36 to 34 and his total offense level from 37 to 35. *See* Sentence Reduction Investigation Report at 2, ECF 489; Gov't Response at 3, ECF 490. Those adjustments to the base and total offense levels lowered the original Guidelines range, 360 months to life, to a Guidelines range of 292-365 months. *See* Sentence Reduction Investigation Report at 2, ECF 489. The Court thus must decide whether Montoya's sentence was "based on" the original Guidelines range.

Judge Jensen sentenced Montoya to 228 months imprisonment, which was well below the original Guidelines range of 360 months to life. There is no transcript of the sentencing hearing to illuminate the degree to which Judge Jensen considered the Guidelines range when he imposed sentence. This Court therefore looks to the documents upon which Judge Jensen must have relied. In the Plea Agreement, Montoya stated, "I agree that the Court will use the Sentencing Guidelines to calculate my sentence. I understand that the Court must consult those Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a)." Plea Agreement ¶ 7, ECF 265. The sentencing memoranda filed by both Montoya and the Government acknowledged that Judge Jensen was required to consider the Guidelines. Def. Sentencing Memo. at 3-4, ECF 283; Gov't Sentencing Memo. at 3, ECF 287. Both sentencing memoranda suggested that a below-Guidelines sentence was reasonable in light of the substantially lower sentences received by Montoya's co-conspirators. Given the clear acknowledgements by both Montoya and the Government that Judge Jensen was expected to consider the Guidelines range as a starting point, this Court concludes that the Guidelines range was "part of the framework" considered by Judge Jensen in imposing sentence.

This conclusion is consistent with the Supreme Court's observation in *Hughes* that "[a] sentence imposed pursuant to a Type-C agreement is no exception to the general rule that a defendant's Guidelines range is both the starting point and a basis for his ultimate sentence." *Hughes*, 138 S. Ct. at 1776. "The Sentencing Guidelines prohibit district courts from accepting

4

Type-C agreements without first evaluating the recommended sentence in light of the defendant's Guidelines range." *Id*. (citation omitted). "So in the usual case the court's acceptance of a Type-C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range." *Id*.

The determination that Montoya's sentence was "based on" the original Guidelines range does not necessarily mean that Montoya is eligible for a sentence reduction now that the range has been lowered. He is eligible only if the requested reduction in sentence is consistent with the Sentencing Commission's applicable policy statement. *See Rodriguez-Soriano*, 855 F.3d at 1042. The applicable policy statement is set forth in United States Sentencing Guidelines § 1B1.10, titled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)." U.S.S.G. § 1B1.10. Except where the Government has made a motion to reflect the defendant's substantial assistance to authorities, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Accordingly, this Court cannot sentence Montoya to a term of imprisonment that is less than 292 months, which is the minimum of the amended Guidelines range of 292-365 months. Montoya's current sentence of 228 months is well below the 292 month threshold. As a result, he is not eligible for a reduction under Amendment 782. "Without exception the Ninth Circuit has affirmed a district court's denial of a motion for reduction based on the fact that a defendant's original sentence was already less than the minimum term of the amended guideline range and the defendant had not received a substantial assistance departure." *United States v. Lewis*, No. CR 11-49-M-DWM, 2016 WL 10950476, at *1 (D. Mont. Sept. 15, 2016) (collecting cases).

**IV. ORDER**

The motion for a reduction in sentence is DENIED.

Dated: May 22, 2019

_____
BETH LABSON FREEMAN
United States District Judge

5